ORTIZ, PLAINTIFF AND APPELLANT, *v.* SILVA ET AL., DEFENDANTS AND APPELLEES.

## APPEAL from the District Court of Ponce in Injunction Proceedings.

### No. 2101.—Decided April 29, 1920.

APPEAL—STATEMENT OF CASE.—The lack of a statement of the case is not a sufficient reason for dismissing an appeal.

INJUNCTION—COSTS.—A judgment which does not impose the costs on the defeated party in an injunction proceeding to recover the possession of real property is erroneous as in violation of Section 5 of Act No. 43 of March 13, 1913.

The facts are stated in the opinion.

*Mr. L. Montalvo Guenard* for the appellant.

*Messrs. Benet & Souffront* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The plaintiff, Demetrio Ortiz Ramírez, brought injunction proceedings in the District Court of Ponce against Agustín and Lino Silva under Act No. 43 of March 13, 1913, as amended by Act No. 11 of November 14, 1917, to recover the possession of a certain rural property, and after a trial the said court entered judgment on July 22, 1919, granting the injunction prayed for, without special imposition of costs.

From that part of the judgment which refers to costs the plaintiff appealed to this court.

No statement of the case is included in the transcript of the record and for that reason counsel for the appellees moved that the appeal be dismissed; but as we have repeatedly held that the lack of a statement of the case is not a lawful reason for dismissing an appeal, the motion for dismissal can not be sustained.

Upon an examination of the judgment roll we find that

the judgment openly violates section 5 of the said Act No. 43 of March 13, 1913, which reads as follows:

Section 5.—That the court shall render judgment without undue delay. Costs shall be taxed against the party against whom judgment is rendered."

The statute is clear and needs no interpretation.

Judgment having been entered against the defendants, the costs should have been imposed upon them by a mandatory provision of the law; therefore that part of the judgment appealed from by the plaintiff must be

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.